IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SARAH JOE MASSOT, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:22-cr-00225-DCN <br><br> **REPORT AND RECOMMENDATION** |

On February 13, 2022, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea. Defendant executed a written waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, her constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed. Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and her counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because Defendant has entered a guilty plea to an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), which triggers the mandatory

**REPORT AND RECOMMENDATION - 1**

detention provisions of 18 U.S.C. § 3143(a)(2), the Court heard oral argument and received evidence as to whether exceptional reasons exist under 18 U.S.C. § 3145(c) to justify Defendant's release pending sentencing.   For the reasons stated on the record, the Court finds and recommends that:

Defendant pled guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C), which requires that Defendant be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).   However, having carefully considered the arguments of counsel and the evidence presented on the record, the Court concludes that, pursuant to 18 U.S.C. § 3143(a)(2), the following exception exists to that requirement:

There is clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person or the community.

Therefore, the Defendant shall remain released pending sentencing, pursuant to all conditions and requirements set forth in the Court's prior release Order or Orders.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The District Court accept Defendant's plea of guilty to Count 1 of the Indictment (Dkt. 1).

2. The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1).

3. The District Court order that:

    Defendant remain released pending sentencing subject to the previously

**REPORT AND RECOMMENDATION - 2**

imposed Conditions of Pretrial Supervision.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: **April 19, 2023**

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 3**